FILED'10 DEC 22 1458USDX-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

LAVONT E. BAKER,                                          CV. 09-490-KI

                    Petitioner,                   OPINION AND ORDER

        v.

RICK COURSEY,

                    Respondent.

KRISTINA HELLMAN
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, OR 97204

        Attorney for Petitioner

JOHN R. KROGER
Attorney General
LYNN DAVID LARSEN
Attorney-In-Charge
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

        Attorneys for Respondent

KING, Judge

        Petitioner Lavont E. Baker, an inmate in the custody of the

Oregon Department of Corrections, brings this habeas corpus

1 - OPINION AND ORDER

proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

Petitioner was convicted in Multnomah County Circuit Court of Rape in the First Degree, Sodomy in the First Degree, and Kidnaping in the First Degree on July 22, 1987.  On July 23, 1987, the court imposed a 20 year sentence on each charge.  The sentences on the kidnaping and sodomy charges were to run concurrently, but consecutively to the rape charge.  Execution of petitioner's sentence was suspended and petitioner was placed on five years' probation.

Petitioner did not file a direct appeal of his conviction or sentence, nor did he petition for post-conviction relief.

Petitioner's probation was revoked on October 6, 1987.  On June 23, 1988, the Oregon Board of Parole and Post-Prison Supervision (the Board) held a hearing and set a parole release date of March 5, 1992. Petitioner completed the rape sentence on August 21, 2001, and was most recently released onto parole on August 30, 2004.

On August 31, 2005, the Board issued a warrant suspending petitioner's parole and ordered detention.  Following petitioner's eventual arrest and extradition from Arizona, the Board held a future disposition hearing on March 12, 2008.  At that hearing, the Board concluded that petitioner could not be adequately controlled

2 - OPINION AND ORDER

in the community, denied petitioner's immediate re-release, and set a release date of May 31, 2017, memorialized in Board Action Form 35. (Resp. Ex. 103 (CR #20), Board Action Form (BAF), p. 3.)

Petitioner filed an administrative review request on April 30, 2008. The Board denied petitioner's requested relief on May 8, 2009. (Resp. Ex. 103, Admin. Review Response, p. 1.) The parties represent that petitioner's appeal of the Board's decision is pending before the Oregon Court of Appeals. (Resp. Ex. 104.)

Petitioner filed the instant habeas corpus proceeding on April 30, 2009, alleging three grounds for relief: (1) the Oregon Board of Parole and Post-Prison Supervision (the Board) wrongfully revoked his parole in 2008 and denied him release; (2) the trial court wrongfully imposed consecutive sentences, violating Due Process under the Fourteenth Amendment; and (3) the Board's 2008 decision was unlawful because only two of three Board members voted to deny him release.

In response, respondent asserted that Grounds One and Three should be dismissed without prejudice because petitioner had not yet exhausted those claims, as his appeal from the Board's decision was still pending in the Oregon appellate courts. Following discussions between the parties, petitioner filed a Second Amended Petition, in which he has omitted Grounds One and Three, and asserts only Ground Two. Therefore, the only remaining claim

3 - OPINION AND ORDER

pending in this action is Ground Two, concerning the trial court's imposition of consecutive sentences.

## DISCUSSION

In this proceeding, petitioner alleges that the trial court violated Due Process when it imposed consecutive sentences without a proper factual basis.  Respondent asserts that petitioner's claim must be dismissed as untimely under 28 U.S.C. § 2244(d).  Respondent is correct.

## I.   **AEDPA Statute of Limitation**.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C § 2244 to provide for a limitation period for filing federal habeas corpus petitions.  Under amended § 2244(d), a petitioner has one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4 - OPINION AND ORDER

Shannon v. Newland, 410 F.3d 1083, 1086 (9th Cir. 2005), cert. denied, 546 U.S. 1171 (2006).

The AEDPA became effective on April 24, 1996.  Any federal habeas petitioner whose direct appeal became final before the effective date of the AEDPA amendment to § 2244 had until April 23, 1997, to file a federal habeas petition, excluding any time during which a state post-conviction case was pending.  Calderon v. United States Dist. Court(Beeler), 128 F.3d 1283, 1287-88 (9th Cir. 1997), cert. denied,  523 U.S. 1061 (1998), and overruled in part on other grounds, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  Under § 2244(d)(1)(D), time begins when a petitioner knows, or through due diligence could discover, the important facts, not when he understands their legal significance. Hasan v. Glaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000)).

## II.  **Analysis**.

Petitioner argues that a one-year statute of limitation under 28 U.S.C. § 2244(d)(1)(D) was triggered on May 8, 2009, when the Board issued an Administrative Review Response, denying petitioner's re-release on parole and indicating its continued jurisdiction over him because his sentences were consecutive. According to petitioner, because he did not discover the factual predicate of this claim until May 8, 2009, and has since been

diligently pursuing it, his petition is timely.    28 U.S.C. §
2244(d)(1)(D).

Petitioner asserts that he did not learn of the factual
predicate of his claim until May 8, 2009 for two reasons: (1) he
was 17 years old at the time of sentencing; and (2) actions by the
Board obfuscated his ability to learn of the nature of his claim.
Alternatively, petitioner asserts that the earliest date the
factual predicate of his claim could have been discovered was March
12, 2008, when the Board revoked his parole and set a release date
of May 31, 2017.    (Resp. Ex. 103, BAF, p. 3.)

Petitioner's contention that his juvenile status somehow
prevented him from understanding the nature of the original
sentencing order is unavailing.    First, petitioner's inability to
understand the legal significance of being sentenced to consecutive
terms does not toll the statute.    See Hasan, 254 F.3d at 1154 n.3
(noting that under the AEDPA the clock begins when the prisoner
knows the important facts, not when he recognizes their legal
significance).    Second, even if petitioner's youth prevented him
from appreciating the severity and consequences of the imposition
of consecutive sentences at that time, petitioner's age was not
static.    Indeed, petitioner would have been 26 at the time the
AEDPA clock started ticking on April 24, 1996.    Clearly,
petitioner's youth at sentencing cannot justify his continued
failure to timely pursue his federal claim.

6 - OPINION AND ORDER

Petitioner's suggestion that the Board's actions prevented him from understanding the true nature of his challenge to the original trial court sentencing order is equally unconvincing. According to petitioner, the Board determined that an "unsummed" range of 66 months imprisonment was an adequate sanction, and thus set his release date at March 5, 1992. (Pet. Ex. 1.) Petitioner argues that because he believed the Board had the authority to treat his consecutive sentences as concurrent, he did not truly understand that his sentences were consecutive until the May 8, 2009 Board decision.

However, petitioner's understanding of the *Board's authority* has no bearing on petitioner's current claim attacking the *original trial court sentence*. Indeed, in his second amended complaint, petitioner asserts that:

> Multnomah County Circuit Court exceeded its authority under state law when it imposed consecutive sentences without a proper factual basis in the record to satisfy the statutory requirements for consecutive sentencing. Due to the state court's actions, [petitioner] was ordered to serve an additional 20 years' imprisonment. (Second Amended Complaint, (CR #26) p. 2.)

In this claim, petitioner alleges his Due Process rights were violated because the trial court failed to ensure a factual basis in the record to satisfy the statutory requirements. To be sure, petitioner does not submit that there were additional facts which were withheld or unknown to him. At bottom, petitioner asserts that it was the Board's *later* actions that masked the fact that the

7 - OPINION AND ORDER

sentences were consecutive.    While the Board's actions may be pertinent to petitioner's claims against the Board, they are not relevant to his instant claim of trial court error.    Indeed, the AEDPA limitation period begins when the petitioner knows the important objective facts, not when he understands their legal significance.    <u>Hasan</u>, 254 F.3d at 1154 n.3.    Accordingly, I conclude that petitioner knew, or through due diligence could discover, the factual predicate supporting his claim of alleged *trial court sentencing error* at the time the consecutive sentences were imposed on September 23, 1987.

In sum, because petitioner knew or could have discovered the factual predicate of his Due Process claim at the time his consecutive sentences were imposed, his habeas corpus petition filed on April 30, 2009, is untimely.    There is no evidence in the record that petitioner pursued a direct appeal or post-conviction relief from his trial court judgment which may have tolled the statute of limitations.    Accordingly, the one year statute of limitations on petitioner's claim expired on April 23, 1997.    28 U.S.C. § 2244(d)(1)(D); <u>see</u> <u>Hasan</u>, 254 F.3d at 1153 (prisoner whose state conviction became final prior to the AEDPA effective date had until April 23, 1997 to file a federal habeas petition).    Because petitioner filed his current habeas corpus petition on April 30,

8 - OPINION AND ORDER

2009, long after the statute of limitations had run, it is time-barred.  See 28 U.S.C. § 2244(d)(1)(D).[1]

## CONCLUSION

Based on the foregoing, petitioner's second amended petition for writ of habeas corpus (#26) is DENIED as untimely, and this proceeding is DISMISSED, with prejudice.

Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability is DENIED.  See 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this __22__ day of DECEMBER, 2010.

Garr M. King
United States District Judge

---

[1]Because I have concluded that the one year limitation period expired on April 23, 1997, I do not address petitioner's alternative argument that he did not discover the factual predicate of his claim until March 12, 2008.  Additionally, petitioner does not allege that he is entitled to equitable tolling.  See Holland v. Florida, 130 S. Ct. 2548, 2560 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

9 - OPINION AND ORDER